## THE A. H. CHAMBERLAIN.

(District Court, E. D. New York. July 25, 1913.)

1. SEAMEN (§ 27*)—LIEN FOR WAGES—"CANAL BOAT"—CONSTRUCTION OF STATUTE.

Rev. St. 4251 (U. S. Comp. St. 1901, p. 2929), which provides that "no canal boat without masts or steam power, which is required to be registered or licensed or enrolled and licensed," shall be subject to a maritime lien for wages, applies to any boat without masts or steam power, which is used as a canal boat on canals and rivers, and required to be registered, whether architecturally a "canal boat" or a scow.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 4, 141, 157–169; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, vol. 1, p. 948.]

2. SEAMEN (§ 27*)—LIEN FOR WAGES—"MASTER."

A captain of a scow, having no seamen under him, and who does the work of a deckhand, and does not have the right to control the vessel's movements or employment, and collects freight only by special direction of the owner, is not a "master," and as a general proposition is entitled to a lien for wages.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 4, 141, 157–169; Dec. Dig. § 27.*

For other definitions, see Words and Phrases, vol. 5, pp. 4403, 4404.]

In Admiralty. Suit by Albert H. Doty against the scow A. H. Chamberlain and Michael K. Neville as owner. Decree for libelant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Silas B. Axtell, of New York City, for libelant.
Avery F. Cushman, of New York City, for claimants.

CHATFIELD, District Judge. The libelant was employed by the agent of the owner of the scow A. H. Chamberlain, at the rate, as he alleges, of $40 per month. All his transactions were with Michael K. Neville, the agent, and payments of wages have been made by Mr. Neville on behalf of his wife. Since January, 1910, the libelant has kept a record, in which he has entered month by month the amount of payments to him, and these show a balance in his favor of $385.65 up to the month of July, 1912. During this period only January, 1912, shows receipts by the libelant for the full amount of $40 claimed by him.

During the month of March, 1912, certain checks for his wages were given to him, each containing the statement "in full to date for services," and are indorsed by the libelant. The answer denies the right of a scow captain to obtain a lien for wages, and alleges that the rate of employment was for $30 and $35 per month, but was never at the rate of $40.

[1] The claimant on the trial also charged that the Chamberlain was not a boat subject to a maritime lien. It is alleged that she is in fact a canal boat, and that under section 4251, R. S. (Act July 20, 1846, c. 60, 9 Stat. 38 [U. S. Comp. St. 1901, p. 2929]), she may not be libeled for wages.

It appears that the Chamberlain is a square-built scow without motive power or masts, and that she has been used both in the canals and in waters around New York, going as far as New Haven and through the Sound, up the Hudson, and through the canals and rivers to Philadelphia. The fact that she is used like a "canal boat" does not make her a "canal boat" from the standpoint of ship's architecture, as the word conveys a definite meaning which has attached to boats of a particular shape, and which are distinguishable from scows, even if both carry cargo in similar waters and are drawn by similar motive power.

But when we consider the statute, it is apparent that its use of the words "canal boat" is intended to mean a cargo boat of the sort described, used or to be used on the rivers or the canals during the voyage or service under consideration, and would include all boats used as cargo carriers and towed as "canal boats" through the canals and rivers. The statute adds to the words "canal boat" "without masts or steam power, which is required to be registered, licensed, or enrolled and licensed." A scow-built boat, operating the canals for the same use as a canal boat, would have to be registered, and would be (for all purposes covered by the statute) treated as a canal boat. Any reason (arising from the relationship of the owners or other parties to a boat) for exempting it from liens for wages would apply to any boat capable of registry and use as a canal boat; and the section would therefore seem both in language and purpose to apply to such a boat as the Chamberlain, if liable to registry and use upon voyages through the canals during a large part of the period in which the libelant's

claim for wages has accrued. The Chamberlain has actually been in the service of carrying cargo through the canals of this state and other states, and it is difficult to see how he could support his claim for a general lien for services rendered while the boat was in fact a "canal boat" under the statute. On the other hand, if she was not registered or used as a canal boat, she would not be subject to the provisions of this statute when on a trip up the Sound or around the harbor. The William L. Norman (D. C.) 49 Fed. 285.

The libelant signed himself as captain, receipted bills of lading, and generally acted as the owner's representative in whatever was necessary to be done upon the scow's trips. In some instances he accepted freight money and applied it to his wages account. In other respects he was but a mere deckhand, and in fact during the greater part of the time was the only person employed upon the scow for everything which had to be done. Such a man would not be a master, and it would seem could have a lien for wages, as a general proposition.

In Willard v. Dorr, Fed. Cas. 17,679 (1822), it was held that, since at common law a master had no lien upon a ship for wages, no such lien could be recognized in the admiralty courts of this country, and the reason for this has been placed upon the ground that the master is the representative of the owner, and therefore cannot impress a lien upon funds in his own control, or that he has made a personal contract with the owner which is not dependent upon the security of the boat, and that his hiring of the other members of the crew upon the boat gives them a different status than his own. The Orleans v. Phœbus, 11 Pet. 175, 9 L. Ed. 677; The Carrier Dove, 97 Fed. 111, 38 C. C. A. 73.

[2] Section 4612, R. S. (U. S. Comp. St. 1901, p. 3120), defines a master to be "every person having command of a vessel of a citizen of the United States," while "seamen" are "persons employed to serve in any capacity on board the same." These definitions are for the purposes of "title 53" relating to "Merchant Seamen." But by analogy a boat having no "seamen" required to sign for the voyage, and hence having no master, would still be the subject of a maritime lien by a wage-earner working thereon, unless the boat be a canal boat or local craft not subject to admiralty jurisdiction. Orleans v. Phœbus, 36 U. S. (11 Pet.) 182, 9 L. Ed. 677.

But the captain of a scow or barge, who does the work of a deckhand, and does not have the right to control the vessel's movements nor employment, and can act only as agent, in the sense that any sailor might act under specific direction of his captain, is not a master, and does come within the provisions of the section.

Doty seems to have contracted personally with the owner's agent. But Doty did not represent the owner in such a way as to indicate that his services were rendered to the individual rather than to the boat. While, therefore, it will be held that he might acquire a lien; considerable question arises from the fact that he did nothing to enforce this lien, nor to establish it, for several years, and that during a considerable part of the time the boat appears to have been a canal boat within the meaning of section 4251, R. S.

There is no satisfactory testimony to contradict Doty's claim that his wages were $40 per month, and his use of the three checks given, with the words written in "in full to date for services," will not estop him from showing that a balance is in fact due; but he can recover only for services when the boat was not in fact a "canal boat," under section 4251.

This may be disposed of on the reference, which will be ordered.